# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## John J. HUMPHREYS
### Machinery Technician First Class (E-6), U.S. Coast Guard

## CGCMG 0179

## Docket No.  1162

## 17 June 2002

General Court-Martial convened by Commander, Ninth Coast Guard District.  Tried at Cleveland, Ohio, on 18 and 19 September 2001.

| | |
|---|---|
| Military Judge: | CAPT Michael J. Devine, USCG |
| Trial Counsel: | LCDR Clayton L. Diamond, USCG |
| Assistant Trial Counsel: | LT(jg) Ted R. Fowles, USCGR |
| Defense Counsel: | LT(jg) Bart K Tomerlin, USCGR |
| Assistant Defense Counsel: | LT Trica Boerger, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

### BEFORE
### PANEL NINE
### BAUM, BRUCE & PALMER
Appellate Military Judges

Per Curiam:

Appellant was tried by general court-martial, judge alone.  Following his pleas of guilty, entered pursuant to a pretrial agreement, Appellant was convicted of two specifications of rape of a person who had not attained the age of 16 years, in violation of Article 120 of the Uniform Code of Military Justice (UCMJ).  The judge sentenced Appellant to a dishonorable discharge, confinement for 18 years, reduction to pay grade E-1, and forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged, but suspended all confinement in excess of 10 years for a period of one year from the date adjudged, in accordance with the pretrial agreement.

Before this Court, Appellant has assigned one error, that ten years of confinement is an inappropriately severe punishment given Appellant's more than twenty years of service and the loss of his retirement benefits.  We reject this assignment.  Weighed against Appellant's good

military service for more than twenty years and his loss of retirement benefits is the fact that he raped his stepdaughter on two separate occasions when she was eleven or twelve years old, after conditioning her for these acts through sexual abuse over a period of years, commencing with the exposure of his erect penis when she was six.  Subsequent conditioning acts included masturbating in front of her, digital penetration of her vagina, cunnilingus, and fellatio.

A psychologist called by the prosecution testified that a young girl subject to such sexual abuse, "never develops into the person they would have been…regardless of how much treatment a person may get…." R. 198.  Considering all the circumstances of this case, we do not find the sentence approved and partially suspended by the convening authority to be inappropriately severe for this Appellant and his offenses.

We have reviewed the record in accordance with Article 66, UCMJ, and have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved.  Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.



For the Court,


Roy Shannon, Jr.
Clerk of the Court